IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

DUSTIN BALDWIN

Plaintiff,

v.

WIDE OPEN ENTERPRISES, LLC d/b/a/ HIGH COUNTRY HARLEY DAVIDSON

Defendant

---

## COMPLAINT WITH DEMAND FOR JURY TRIAL

Plaintiff Dustin Baldwin, by and through his attorney, Robin Cochran, brings this Complaint and Jury Demand against the Defendant, Wide Open Enterprises, LLC doing business as High Country Harley-Davidson, hereinafter Defendant, and submits this Complaint and Demand for Jury Trial.

## I.  NATURE OF THE CASE

1.    Plaintiff brings this employment discrimination and civil rights action against Wide Open Enterprises, LLC doing business as High Country Harley-Davidson (hereinafter Defendant or High Country).  Plaintiff seeks equitable and remedial relief and compensatory damages to redress Defendant High Country's deprivation of his employment-related civil rights secured to him by the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et. seq.* (Title VII) prohibiting sexual harassment, and the Americans With Disability Act ("ADA), 42 U.S.C. §§ 12101 *et. seq.*

2.   Defendant owns and operates a Harley Davidson motorcycle sales operation in Frederick, Colorado and in Wyoming, It offers new and used Harley Davidson motorcycles to its customers to purchase or lease. It also services these vehicles.  Plaintiff was hired by Defendant as a Vehicle Sales Associate at the Frederick location on about November 9, 2018 and Defendant wrongfully terminated his employment on about April 6, 2019. He was unlawfully discriminated against based on his protected class, disabled, and in retaliation for engaging in protected activity when he asked for an accommodation for his disability, including without limitation seeking sick leave or leave to treat his disability. Defendant also was unlawfully discriminated against because he was subjected to a hostile environment based on sexual harassment and was terminated from employment after complaining that his supervisor engaged in offensive sexually harassing remarks and created a hostile environment.

3.   Defendant employs more than fifteen persons in Colorado and is subject to all laws and statutes cited herein.

4.   Defendant's employee and Plaintiff's immediate supervisor (identified herein as JW) repeatedly made offensive sexual comments about female co-workers and female customers; to Plaintiff and others.  J W knew or should have known, that this created a hostile and invidiously discriminatory environment based on sex discrimination and sexual harassment. This action violated 42 U.S.C. 2000e, *et. seq*., including without limitation § 2000e-16(b)(a)(1).

5.   During his employment Plaintiff suffered from chronic and disabling back pain, lumbar and sacrum in his lower back, which occasionally made it difficult to walk and stand. Throughout his employment, Plaintiff advised his supervisors, including JW. and the owner

James La Belle, of his medical condition and occasionally asked to take time off for medical appointments or to recuperate from severe back pain. His immediate supervisor ridiculed him about his disability.

6.  Plaintiff complained to J. W. and to other supervisors, including Mr. LaBelle, that J.W.'s inappropriate and illegal sexual comments created a   sexually harassing environment. Plaintiff was fired on April 6, 2019, immediately after he complained about such comments

7.  Defendant's acts and omissions caused Plaintiff to suffer severe mental and emotional distress, anguish, upset and humiliation, and loss of employment, employment compensation, and employment opportunities. He seeks awards of back pay, front pay, compensatory damages, attorneys' fees, costs of this action, and/or reinstatement and other equitable or remedial relief.

## II.  JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction over these Title VII and ADA   claims under 28 U.S.C. § §1331, 29 U.S.C. §§ 791 and 794, 29 U.S.C. §§ 2601-2654; 29 U.S.C. § 2612(a), 19 U.S.C. §§ 201 *et. seq.* (Federal Question Jurisdiction), 28 U.S.C. §1343 (Original action), § 1367 (Supplemental Jurisdiction).

9.  Venue is proper in this court because Defendants conduct business and have offices located in Colorado and are subject to the jurisdiction of this Court, and the activities occurred in Colorado.

10.  Plaintiff has complied with all condition's precedent to the filing of claims arising out of the Americans with Disability Act, and Title VII because he filed timely complaints with the Equal Employment Opportunity Commission ("EEOC" Case No.: 32A-2020-00361) and more than 180 days have passed since the filing of the claim.

11.   EEOC mailed a determination letter and right to sue letter dated May 6, 2021 to Plaintiff.

12.   This lawsuit is filed within 90 days of the date the Right to Sue letter was mailed to Plaintiff.

13.   Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(c) and 42 U.S.C. § 2000e-16b(a)(1), and § 2000e-5(f)(3), because the employment practices or omissions alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## III. PARTIES

14.   At all times of the events alleged in this Complaint, Plaintiff Dustin Baldwin was a resident of the state of Colorado, (hereinafter "Mr. Baldwin" or "Plaintiff"). Mr. Baldwin suffers from a disability as defined by the Americans with Disability Act.

15.   Wide Open Enterprises, LLC d/b/a High Country Harley-Davidson is a Colorado corporation authorized to do business in the State of Colorado. with its principal place of business located at 3761 Monarch St., Frederick, Colorado. The Defendant employs more than 15 employees.

16.   At all relevant times, Plaintiff was an employee of Defendant Wide Open Enterprises, LLC d/b/a High Country Harley-Davidson High Country within the meaning of 42 U.S.C.§ 2000e-5, and §2000-16b(a)(1), and 29 U.S.C. § 794(b), the Americans with Disability Act, 42 U.S.C. § 12111(5)(A).

## IV. GENERAL ALLEGATIONS

17.   Plaintiff Dustin Baldwin is a citizen of the United States and resided in Colorado at the time the activities alleged herein occurred. He is now a resident of Utah.

18.   Defendant Wide Open Enterprises, LLC d/b/a High Country Harley-Davidson is incorporated in Colorado, and sells and repairs Harley-Davidson motorcycles. It employs more than 15 employees at its location in Frederick Colorado.

19.   High Country Harley-Davidson has been engaged in an industry affecting commerce, within the meaning of the Americans with Disability Act and Title VII of the Civil Rights Act, prohibiting discrimination and harassment based on sex.

20.   Plaintiff Baldwin began employment with Defendant in Frederick on about November 9, 2018 as a Vehicle Sales Associate.  Plaintiff successfully performed his job and met his sales goals.

21.   J. W. was Plaintiff's immediate supervisor. Throughout Plaintiff's employment J W. made graphic and vulgar sexual comments about female customers and employees. These comments included, as an example, the following:  commenting in lewd and offensive language and slang about women customers' and employees' breast size and buttocks and other sexual comments; stating that he wanted to f…" a customer and similar comments about having sex; on one occasion he acted as if he were sniffing the seat of a motorcycle after an attractive customer who had been sitting on it had walked away.

22.   During the week of April 1, 2019 Plaintiff twice advised James LaBelle, an owner of the business, of the inappropriate and offensive sexual comments made by J.W.  On April 5, 2019 Plaintiff sent an email to Mr. LaBelle and to the Human Resources Specialist, complaining in part, of his supervisor's sexual comments.  On April 6, 2019, Plaintiff was fired.

23.   During his employment Plaintiff suffered from chronic and disabling back pain, lumbar and sacrum in his lower back, which frequently made it difficult to walk and stand for long

periods of time.  Throughout his employment, Plaintiff advised his supervisors, including JW. and James La Belle, of his medical condition and occasionally scheduled for medical appointments on his day off or to recuperate from severe back pain.

24.     Despite his disability, Plaintiff was successful in his job.  With reasonable accommodation, for example, being allowed to schedule medical appointments on his day off, Plaintiff was able to perform his job. Nonetheless, his immediate supervisor, JW ridiculed him about his disability and complained when Plaintiff took time off for medical appointments.

25.     On another occasion, Plaintiff had scheduled two MRI's for his preapproved day off. The day before the appointment, Plaintiff wrapped up a sale and the customer wanted to return the next day to sign the paper work and pay for the motorcycle. Plaintiff arranged for a co-worker to collect the paperwork. J.W. told Plaintiff that if Plaintiff did not report to work the next day to collect the payment and deliver the motorcycle, Plaintiff would not receive a commission on the sale.

26.     It had been common practice for other sales people to collect paperwork and arrange delivery of the motorcycle when the sales person responsible for the sale could not be at work on the day of delivery, for example, if it was their day off. Plaintiff had covered for other employees.

27.     Thereafter J.W.  advised Plaintiff that he, J.W., would decide when Plaintiff could see a physician for his back pain.

28.     Subsequently the manager prepared a counseling form to give to Plaintiff alleging that "Dustin had been observed telling customers of High Country "to not come in when it is convenient to them because he has his day off and to come in when he is here."  This

allegation is untrue and was in retaliation because Plaintiff had scheduled two MRI's on his day off for treatment of his disability.

29.   J.W. also criticized and ridiculed Plaintiff because he suffered from disabling back pain. He did not ridicule other employees who took time off for non-medical reasons.

30.   The week of April 1, 2019 Plaintiff discussed his concerns about J.W. with his manager, James LaBelle, including, without limitation, J.W. 's offensive sexual remarks about women customers, that J.W. had said that he would decide when Plaintiff could see a physician, and other issues.

31.   He followed up on April 5, 2019, with an email to LaBelle with a copy to the Human Resources manager, outlining the same concerns.

32.   On April 6, 2019, James Labelle gave Plaintiff a new revised Sales Agreement that could result in Plaintiff being paid minimum wage which substantially reduced his salary and commissions. LaBelle advised that if Plaintiff did not sign the new Sales Agreement, his refusal would constitute "a resignation." Plaintiff refused to agree to the minimum wage payment and was terminated from employment (although Defendant insisted it was a voluntary "resignation.").

33.   Thereafter, Defendant completed a document entitled "Resignation Notice" terminating Plaintiff's employment.  Plaintiff refused to sign the document because he did not agree to resign but was fired. The document misrepresented what occurred.

34.   Defendant terminated Plaintiff's employment because of his disability and because he complained about sexual harassment.

## FIRST CLAIM FOR RELIEF

35.   Violations of the American With Disability Act, § 12101 *et. seq.*

36. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of the Complaint.

37. Plaintiff was subjected to disparate treatment and was terminated based on his disability, a debilitating condition that causes pain in the lumbar and sacrum of Plaintiff's lower back, and includes but is not limited to pain similar to sciatica.

38. The back pain is debilitating and substantially interferes with Plaintiff's ability to walk, run, stand, and even to sit comfortably. Plaintiff must continue to receive medical treatment to address the back pain.

39. Plaintiff is a person with a disability as defined by the ADA because his physical impairment substantially limits one or more of Plaintiff's major life activities.

40. Plaintiff advised Defendant of his disabling condition and necessary medical treatment.

41. Defendant knew or should have known that Plaintiff was disabled.

42. At no time did Defendant attempt to engage in any reasonable accommodation so that Plaintiff could obtain treatment for his back pain; in fact, Defendant's employee attempted to prevent Plaintiff from seeking treatment for his disability and disciplined him for taking time off to seek treatment.

43. Defendant prepared disciplinary action based in part on the fact that Plaintiff had scheduled two MRI's on a prearranged day off. The day before his medical appointment a customer said he wanted to come to the dealership on the day of Plaintiff's medical exams and Defendant demurred because of his medical appointment, which had been scheduled for days.

44. Plaintiff's immediate supervisor prepared a disciplinary action form alleging that Plaintiff "disregarded" his customer because Plaintiff did not cancel his physicians' appointment for

two MRI's so he could meet a customer. This was despite the fact that the MRI's were scheduled on Plaintiff's day off.

45.   Defendant proposed discipline and then fired Plaintiff because he did not cancel his prescheduled medical appointments to treat his disability.

46.   Plaintiff reminded Defendant of his disability periodically during his tenure with High Country.

47.   Plaintiff satisfactorily performed his job duties. He was able to perform the essential functions of his job with a reasonable accommodation and he was qualified for the position.

48.   No one at High Country engaged in any interactive discussion with Plaintiff to discuss his disability and whether an accommodation was necessary

49.   Defendant disciplined Plaintiff for seeking medical treatment for his disability on Plaintiff's prescheduled day off, and ultimately fired him.

50.   The termination was the direct and proximate effect of Defendant's discrimination against Plaintiff based on his disability, and in retaliation for requesting an accommodation of being allowed to use his day off for medical appointments.

51.   Defendants' conduct as described above constitutes discrimination on the basis of disability in violation of the Americans with Disability Act and similar statutes.

52.   As outlined above, Defendant purposely and willfully discriminated against Plaintiff based on his disability in violation of the ADA.

53.   Plaintiff is entitled to recover damages caused by Defendant's discrimination including loss of wages, loss of benefits, loss of future wages and benefits, loss of career advancement, loss of out-of-pocket expenses, pain and suffering damages, punitive damages as allowed by law, and an award of reasonable attorney's fees and costs, and other damages as allowed by law

54.     Retaliation in violation of the Americans with Disability Act and Amended Act, § 12101 et. *seq.*

## SECOND CLAIM FOR RELIEF

55.     Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of the Complaint.

56.     Defendant retaliated against plaintiff after he disclosed his disability and request for accommodation to obtain medical treatment on his prescheduled day off.

57.     Defendant refused to engage in any interactive discussion regarding Plaintiff's need for a reasonable accommodation. Defendant's refusal to do so was designed to retaliate against Plaintiff because he had a disability and/or because he requested a reasonable accommodation.

58.     Plaintiff' was discharged in significant part because he requested time off to obtain medical treatment for his disability. It was based on retaliation for requesting an accommodation.

59.     Defendant's refusal to engage in an interactive discussion of plaintiff's request for accommodation, and/or its termination of his employment, would dissuade a reasonable person from engaging in protected activity or asking for a disability accommodation.

60.     There is a causal connection between the protected activity and the adverse treatment.

61.      Defendant retaliated against Plaintiff for requesting an accommodation for his disability. Such action was willful, wanton, and deliberate.

62.     As outlined above, Defendant purposely and willfully discriminated and retaliated against Plaintiff based on his disability in violation of the ADA.

63.     Plaintiff is entitled to recover damages caused by Defendant's discrimination including reinstatement, and/or loss of wages, loss of benefits, loss of future wages and benefits, loss

of career advancement, loss of out-of-pocket expenses, pain and suffering damages, punitive damages as allowed by law, and an award of reasonable attorney's fees and costs, and other damages as allowed by law.

### THIRD CLAIM FOR RELIEF
Violation of Title VII, 42 U.S.C. § 2000 et. seq.
(Sexual harassment and hostile environment)

64. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of the Complaint.

65. As described above in the Complaint, Plaintiff was subjected to sexual harassment based on the creation of a hostile work environment permeated by sexually offensive comments and jokes about female coworkers and customers.

66. J.W., a manager working at High Country, made repeated offensive and sexually oriented comments to male coworkers, including without limitation to Plaintiff, about female employees and customers.

67. Plaintiff heard such offensive and embarrassing comments. The Manager made the comments knowing that other employees over whom he had supervisory or other authority could hear them.

68. The manager made other derogatory sexual comments about women to men in the office, including Plaintiff, including demeaning comments about their appearance and made reference to sex acts These comments included without limitation, remarks about women's appearance, or whether he wanted to have sex with female customers or employees. He did not make similar comments about men.

69. The harassment perpetuated by the Manager's remarks was pervasive and/or severe, was sexually offensive and was based on gender.  He only made such comments about women

70.     The harassment was such that a reasonable person would have perceived it to interfere with the work environment and constituted a hostile work environment.

71.     The sexual harassment and gender discrimination were unwelcomed by Plaintiff.

72.     Because the harassment was perpetrated by a supervisor as defined by law, Defendant is liable for the Manager's conduct.

73.     The willful and intentional actions of Defendant's management employee caused Plaintiff to suffer emotional distress, anguish, harm, and pain and suffering and entitled him to an award of attorney fees and costs.

74.     Retaliation in violation of Title VII of the Civil Rights Act, Violation of Title VII, 42 U.S.C. § 2000 et. seq.)

## FOURTH CLAIM FOR RELIEF

75.      Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of the Complaint.

76.     As referenced in the Third Claim for Relief   Plaintiff's immediate supervisor   made derogatory sexual comments about women to men in the office, including Plaintiff. The comments included demeaning remarks about their appearance and frequently referenced sexual acts, including whether and how he wanted to have sex with female customers or employees. He did not make similar comments about men.

77.     The harassment perpetuated by the Manager's remarks was pervasive and/or severe, was sexually offensive and was based on gender.  He only made such comments about women

78.     The harassment was such that a reasonable person would have perceived it to interfere with the work environment and constituted a hostile work environment.

79.     The sexual harassment and gender discrimination were unwelcomed by Plaintiff.

80.   Because the harassment was perpetrated by a supervisor as defined by law, Defendant is liable for the Manager's conduct.

81.   Plaintiff reported to upper-level management, including without limitation, to the owner of the business and to the Human Resources Manager, the serious and vulgar sexual harassment perpetrated by his immediate supervisor. He made another such report to the owner of High Country the week of April 1, 2019.

82.   On April 5, 2019 Plaintiff sent an email to the owner of High Country and to the Human Resources Manager reporting again that his supervisor in Plaintiff's presence made offensive, sexually explicit and harassing comments about female customers and other women.

83.   The next day, on April 6, 2019, after Plaintiff reported the sexual harassment, the owner met with Plaintiff to change the terms of Plaintiff's employment and compensation. He demanded that Plaintiff sign an agreement which would reduce his compensation to minimum wage.  Plaintiff refused to sign the agreement and was fired.

84.   There is a causal connection between the protected activity engaged in by Plaintiff –that he reported that his manager engaged in sexual harassment--and Plaintiff's termination.

85.   Defendant retaliated against Plaintiff because he reported that his immediate manager engaged in sexual harassment and made discriminatory and offensive sexual remarks about female employees and customers. Such action was willful, wanton, and deliberate.

86.   Plaintiff is entitled to recover damages caused by Defendant's discrimination including reinstatement, and/or loss of wages, loss of benefits, loss of future wages and benefits, loss of career advancement, loss of out-of-pocket expenses, pain and suffering damages, punitive

damages as allowed by law, and an award of reasonable attorney's fees and costs, and other

damages as allowed by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgement in his favor

and for relief as follows as provided by American With Disability Act and Amended Act. § 12101

et. *seq.* and  42 U.S.C. § 2000e. e*t. seq.*

(a)    Back pay and front pay to be determined at trial;
(b)    Damages for pain and suffering, emotional distress, loss of reputation severe emotional anguish and compensatory and consequential damages as allowed;
(c)    Incidental and consequential damages
(d)    Liquidated damages as allowed by law;
(e)    Punitive damages as allowed by law:
(f)    Injunctive or declaratory relief;
(g)    Prejudgment and post judgment interest as provided by law;
(h)    An award of attorney's fees, costs and expenses of this action as provided by law;
(i)    Such other or further relief as the Court deems necessary or appropriate, including Plaintiff's reinstatement with a "no retaliation" order in effect.

## **REQUEST FOR JURY TRIAL**

Plaintiff hereby makes his request for a jury trial for all claims raised in this action.
This 4th day of August, 2021.

Respectfully submitted,


/*s/ Robin Cochran*
Robin Cochran Esq. #12665
1916 Montview Drive
Greeley, C) 80631
Tel: 970-356-8900
Cell: 970-978-2829
Fax: 970-353-9977
Email: Robincochranlaw@aol.com
COUNSEL FOR PLAINTIFF


PLAINTIFF'S ADDRESS

Dustin Baldwin
206 E. 3025 North
Cedar City, Utah 84721